UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HSIEH and TERESA CHIU,<br><br>Plaintiffs,<br><br>v.<br><br>JOE WU, GLORIA WU, SUNRISE INN FOOD PLAZA, LP, and UNITED VENTURE REGIONAL CENTER, LLC,<br><br>Defendants. | Case No. 20-cv-00543-NC<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

In *Carden v. Arkoma Assocs.*, the Supreme Court held that limited partnerships are citizens of every state of which their partners are citizens, regardless of whether those partners are general or limited. 494 U.S. 18 U.S. 195–96 (1990); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "[a]n unincorporated association . . . has the citizenships of all of its members."). A result of this holding is that no partners can ever assert diversity jurisdiction in a suit against their partnership. *See Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992); *Buckley v. Control Data Corp.*, 923 F.3d 96, 97 (8th Cir. 1991); *Curley v. Brignoli, Curley, & Roberts Assocs.*, 915 F.2d 81, 84 (2d Cir. 1990).

The complaint in this case alleged that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1, Complaint, at 2. It alleged that one defendant, Sunrise Inn Food Plaza, is a limited liability partnership and that another defendant, United Venture

1  Regional Center, is a limited liability corporation. *Id.* The complaint did not identify the

2  citizenship of the owners or members of either SIFP or UVRC. The Court therefore

3  ordered the parties to show cause why it had subject matter jurisdiction over this case.

4  Dkt. No. 26.

5        The parties responded with a joint filing stating that United Venture Regional

6  Center's two members—defendants Joe Wu and Gloria Wu—are both citizens of

7  California. Dkt. No. 28 at 1. They further state that Sunrise Inn Food Plaza's five

8  members are citizens of California, Washington State, and Canada. *Id*. at 1–2. Plaintiffs

9  Daniel Hsieh and Teresa Chiu are citizens of Canada. *Id*. Teresa Chiu is a limited partner

10 of SIFP. Under *Carden*, then, the plaintiffs cannot assert diversity jurisdiction in this suit

11 against SIFP.

12       The parties state that "[i]f an exception to the Supreme Court's rule existed

13 allowing a limited partner to claim diversity jurisdiction when suing a partnership, then

14 diversity would exist here." *Id*. at 2. However, they were "unable to locate a case

15 establishing such an exception" to the *Carden* rule in the Ninth Circuit. *Id*. They identify

16 two California District Court cases applying *Carden* that similarly find no such exception.

17 *See Soward v. The & Tr.*, Case No. 07-cv-03984-MMC, 2007 WL 2947425, at *2 (N.D.

18 Cal. Oct. 9, 2007); *see also Boulder Creek Co. v. Maruko Inc.*, 772 F. Supp. 1150, 1153

19 (C.D. Cal. 1991). They invite the Court to rely on any such exception of which it is aware.

20 *Id.*

21       The Court is aware of no exception to the *Carden* rule. In fact, the Ninth Circuit

22 held in *Fadal Machining Centers, LLC v. Mid-Atlantic CNC, Inc.*, that the citizenship of

23 even a limited member of a partnership determines the citizenship of that partnership. 464

24 F. App'x 672, 673 (9th Cir. 2012). There, the Ninth Circuit stated that "the character of [a

25 member's] membership interest is irrelevant to the determination of its citizenship." *Id.*

26 (citing *Carden*, 494 U.S. at 192 ("We have never held that an artificial entity, suing or

27 being sued in its own name, can invoke the diversity jurisdiction of the federal courts

28 based on the citizenship of some but not all of its members.")).

2

"Rules governing subject matter jurisdiction are 'inflexible and without exception.'" *Fadal Machining Centers, LLC*, 464 F. App'x at 673–74 (quoting *Carden*, 494 U.S. at 195). Therefore, the Court FINDS that it lacks subject matter jurisdiction over this case because Teresa Chiu, a citizen of Canada, is both a plaintiff and a limited member of defendant partnership Sunrise Inn Food Plaza. The Court would have subject matter jurisdiction over this case if plaintiffs dismissed defendant SIFP and moved forward only against defendants UVRC, Joe Wu, and Gloria Wu. However, in their response to the Court's order to show cause, the parties jointly state that if the Court cannot exercise subject matter jurisdiction over SIFP, then "the case should be dismissed, without prejudice to Plaintiff's ability to refile in State Court." Dkt. No. 28 at 2. The Court understands this to mean that the plaintiffs do not wish to dismiss SIFP from the case. As such, the Court hereby DISMISSES this case without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 28, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3